UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SYAMAK GHIDARPOUR**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARIO ORTIZ, in his official capacity as** | § | Civil Action No.  SA-12-CV-22-XR |
| **District Director of the San Antonio Office** | § | |
| **of U.S. Citizenship and Immigration** | § | |
| **Services and U.S. CITIZENSHIP AND** | § | |
| **IMMIGRATION SERVICES**, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered Plaintiff's and Defendants' cross-motions for summary judgment.  After reviewing the competent summary judgment evidence, the Court grants Defendants' motion and denies Plaintiff's motion.

**I. Background**

Plaintiff Syamak Ghidarpour seeks a *do novo* review of the denial of his application for naturalization, a declaration that he is entitled to naturalize, and an order admitting him as a citizen. Plaintiff contends that United States Citizenship and Immigration Services ("USCIS") wrongly applied the naturalization laws, which resulted in his application for naturalization being denied. Defendants contend that Plaintiff is statutorily barred from naturalization.  Defendants allege that Plaintiff lacks the required "good moral character" because he gave false testimony during a naturalization interview and again during his deposition for the purpose of obtaining immigration benefits and because he committed an aggravated felony.

1

Plaintiff is a citizen of Iran.  Plaintiff entered the United States in or around February 1983 and was granted asylum on September 14, 1987.  Plaintiff became a lawful permanent resident of the United States on October 1, 1990.

On or around September 14, 1992, Plaintiff was indicted in the district court of Bexar County, Texas, for committing the offense of burglary of a habitation.  Plaintiff was placed on probation for a period of ten years, ordered to pay restitution of $2,290 and perform 320 hours of community service.  On June 23, 1998, the court terminated Plaintiff's community supervision, and the case was dismissed.

On March 24, 1994, Plaintiff was indicted in the United States District Court for the Western District of Texas for violating 18 U.S.C. § 4, misprision of a felony, committed on or around July 9, 1992.  On June 24, 1994, the Court sentenced Plaintiff to five months in prison and supervised release for one year after release from prison, and ordered him to pay a total of $42,161.82 in restitution to sixty-five different businesses.  Prior to the Court's June 24 judgment, Plaintiff and his attorney submitted a "Stipulated Factual Basis" to the court for its consideration.  In the "Stipulated Factual Basis," he admitted to negotiating checks in various amounts totaling $9,896.

On January 4, 2002, Immigration and Customs Enforcement (ICE) initiated removal proceedings against Plaintiff by issuing a Notice to Appear (NTA).  In the NTA, ICE alleged that Plaintiff was subject to removal for two reasons – committing a crime involving moral turpitude within five years of his admission into the United States, and being convicted of an aggravated felony (misprision).  At a hearing on November 14, 2002, the Immigration Judge (IJ) asked Plaintiff if he had ever used drugs.  Plaintiff admitted to using drugs in college and that the last time "was probably about a year ago."  On March 19, 2002, ICE withdrew its charge that Plaintiff committed an

2

aggravated felony.  However, the IJ determined that Plaintiff's burglary offense made him subject to removal as a person who committed a crime involving moral turpitude within five years of admission. Plaintiff requested, and was granted a discretionary waiver of removal by the IJ.

Plaintiff filed his first N-400 application for naturalization in September 2004.  Plaintiff answered "no" to the question whether he had ever committed a crime or offense for which he was not arrested.  He also answered "no" to this question at a July 5, 2005 interview.  Plaintiff voluntarily withdrew his application in December 2005.

Plaintiff filed his second N-400 application for naturalization in 2007.  On his application, he was asked "Have you ever committed a crime for which you were not arrested?"  He answered "no" to this question.  A USCIS officer asked Plaintiff this same question at his July 17, 2008 interview, and he answered "no."  This application was denied in 2009 for failure to meet the good moral character requirement based on his 1994 misprision of a felony conviction.

On August 16, 2010, Plaintiff filed another application for naturalization with USCIS.  In his application, Plaintiff answered "no" to the question "Have you ever committed a crime or offense for which you were not arrested?"  On February 22, 2011, USCIS denied Plaintiff's application for naturalization for failing to demonstrate good moral character under 8 U.S.C. § 1427 based on his misprision of a felony being characterized by USCIS as an aggravated felony.

Plaintiff timely requested a hearing before an IJ to reconsider the denial.  USCIS held a hearing on the appeal on August 11, 2011.  The decision to deny naturalization was affirmed on the basis that Plaintiff's aggravated felony renders him permanently ineligible for naturalization.

Plaintiff filed the current complaint pursuant to 8 U.S.C. § 1421(c), which allows Plaintiff to seek a *de novo* review by a United States district court.  At his deposition, Plaintiff was asked "Have

you ever committed a crime or offense for which you were not arrested?" and "Have you used any illegal drugs for which you were not arrested?" He answered "no" to both questions. After reviewing his deposition, he changed his response to the question about drug use to say "I smoked marijuana in 1991 or 1992." Both sides have moved for summary judgment.

## II. Legal Standards

### A. Summary Judgment

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable fact finder to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and

4

unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

**B. Judicial Review under 8 U.S.C. § 1421(c) is *de novo*.**

An applicant whose application for naturalization has been denied can seek judicial review under 8 U.S.C. § 1421(c).  Section 1421(c) provides that "[s]uch review shall be *de novo*, and the court shall make its own findings of fact and conclusions of law, and shall, at the request of the petitioner, conduct a hearing de novo on the application."  8 U.S.C. § 1421(c).[1]  The district court does not defer to the administrative findings and conclusions.  *Chan v. Ganther*, 464 F.3d 289, 291 (2d Cir. 2006).  Further, *de novo* review by the district court is not limited to the administrative record but rather may be on facts established in and found by the district court *de novo*.  *Aparicia v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002).

**C. Burden of Proof**

A person may only be naturalized as a citizen of the United States under the conditions prescribed in subchapter III, Chapter 12 of the Immigration and Nationality Act.  8 U.S.C. § 1421(d).  A naturalization applicant must demonstrate that he has "good moral character."  *See* 8 U.S.C. § 1423(a), § 1427(a).  "Although 'good moral character' lacks a singular definition, Congress and the DHS have set out conditions under which an applicant is precluded from demonstrating the requisite good moral character.  Of particular relevance to the present case, giving false testimony to obtain naturalization forecloses a finding of good moral character, *see* 8 U.S.C. § 1101(f)(6); 8 C.F.R. §

---

[1] Although the statute refers to a "hearing," neither party contends that the Court must conduct an evidentiary hearing or bench trial before ruling on the motions for summary judgment.  The Second Circuit has held that summary judgment is available in review under § 1421(c), and the statute does not mandate that an evidentiary hearing be held. *Chan v. Ganther*, 464 F.3d 289, 295-96 (2d Cir. 2006).

316.10(b)(2)(vi), as does a conviction for an aggravated felony, *see* 8 U.S.C. § 1101(f)(8)." *Awad v. Holder*, 326 Fed. App'x 775, 778, 2009 WL 1345682 (5th Cir. 2009).

An alien applying for citizenship bears the burden of proving that he qualifies for naturalization in every respect, not merely in response to the reasons identified in the administrative denial. *Lezzar v. Heathman*, Civ. A. No. 4:11-CV-4168, 2012 WL 4867696 (S.D. Tex. Oct. 11, 2012); *see also Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 636-37 (1967). It is also well recognized that any doubts "should be resolved in favor of the United States and against the claimant." *Berenyi*, 385 U.S. at 671.

### III. Analysis

The motions for summary judgment present two main issues: (1) whether Plaintiff is statutorily barred from naturalization for giving false testimony for the purpose of obtaining any benefit under the INA, in violation of 8 U.S.C. § 1101(f)(6); and (2) whether Plaintiff's conviction of misprision of a felony constitutes an aggravated felony. Either of these, if proven, would statutorily bar Plaintiff from naturalization.

**A. false testimony to obtain naturalization**

An applicant may not establish good moral character if he has "given false testimony for the purpose of gaining any benefit under [Chapter 12]." 8 U.S.C. § 1101(f)(6). The Government contends that Plaintiff lied under oath about his past marijuana use in his naturalization interview and again in his deposition for the present case when he answered "no" to the question of whether he had ever committed a crime or offense for which he was not arrested.

In order to find that Plaintiff gave false testimony under 8 U.S.C. § 1101(f)(6), in lying about his past marijuana use, Plaintiff must have: (1) actually committed a crime for which he was not

6

arrested; (2) provided false testimony to immigration officials about that crime; and (3) done so with the intent to gain an immigration benefit. Plaintiff argues that these are fact issues regarding whether he actually committed a crime for which he was not arrested, whether he provided false testimony to immigration officials, and whether he had the requisite intent. However, because the facts are undisputed, the Court finds that this issue can be determined as a matter of law.

### 1. committing a crime for which he was not arrested

Plaintiff first contends that he "did not commit a crime by using or experimenting with marijuana and therefore did not answer falsely when asked if he has ever committed a crime for which he was not arrested." Plaintiff's Opposition at 6. Plaintiff contends that because he never admitted to *possessing* marijuana, but only to having smoked marijuana, he could not be guilty of possession. Plaintiff further contends that "[u]sing marijuana by itself does not constitute possession of a controlled substance." *Id.* at 7.

The courts have held otherwise, however, stating that knowing drug use is "akin to possession." *United States v. Kindred*, 918 F.2d 485, 487 n.3 (5th Cir. 1990) (citing *United States v. Dillard*, 910 F.2d 461, 464 n.3 (7th Cir. 1990) ("Knowing use of cocaine . . . requires possession, even if only momentarily. Thus, Dillard's use of the drug was illegal under federal and state law.")). Courts have essentially held that knowing use constitutes possession because a defendant is not able to "use" a drug without first "possessing" it. *See United States v. McAfee*, 998 F.2d 835, 837 (10th Cir. 1993) (citing *United States v. Rockwell*, 984 F.2d 1112, 1114 (10th Cir. 1993) ("*Rockwell* simply stands for the unremarkable observation that a person cannot use a drug without possessing it.").[2]

---

[2] The cases cited by Plaintiff relate to possession of a controlled substance, but do not discuss whether use amounts to or requires possession.

7

Because Plaintiff admitted to using marijuana on more than one occasion, Plaintiff admitted that he committed a crime for which he was not arrested. Thus, this fact is established as a matter of law.

### 2. false testimony

Defendants allege that Plaintiff denied, under oath, having committed a crime for which he was not arrested in his 2010 naturalization interview and during his deposition in this case. He also answered "no" when asked if he had used any illegal drugs at his deposition, though he later changed his response. These statements are considered "testimony" and thus fall within 8 U.S.C. § 1101(f)(6). *Kungys v. United States*, 485 U.S. 759, 780 (1988) ("[T]estimony is limited to oral statements made under oath."); *Ramon v. United States*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("[S]tatements made . . . in a naturalization examination constitute testimony."). Plaintiff admits to answering "no" to the question of whether he had ever committed a crime or offense for which he was not arrested at his 2010 N-400 Interview, as well as during his deposition in relation to the current case. Plaintiff later corrected his deposition testimony to state that he used marijuana in 1991 and 1992. However, this does not alter the fact that he made a false statements in his 2010 interview. And Defendant contends the correction is still false since it does not include other marijuana use in 2001 or 2002 that he previously admitted to. Plaintiff does not dispute this fact. As such, the fact that Plaintiff gave false testimony is established as a matter of law.

### 3. intent to gain immigration benefit

The only remaining issue is whether Plaintiff's false testimony was given for the purpose of obtaining an immigration benefit, as required by 8 U.S.C. § 1101(f)(6). The Supreme Court has made clear that the statute does not apply to all misrepresentations, but only those "made with the subjective intent of obtaining immigration benefits." *Kungys v. United States*, 485 U.S. 759, 780 (1988).

Plaintiff alleges that his misrepresentations were not made with the intention of gaining an immigration benefit because they were not material and because he did not intentionally lie, but instead "forgot to include his past marijuana use."  Plaintiff's Opposition at 9.

Although the statute does not have a materiality requirement, Plaintiff contends that the fact that his misrepresentations were immaterial means that the Government's burden is more difficult to show that his misrepresentations were made with the requisite intent.  *Kungys v. United States*, 485 U.S. 759, 780-81 (1988) (emphasis added) ("[I]t will be relatively rare that the Government will be able to prove that a misrepresentation that *does not* have the natural tendency to influence the decision regarding . . . naturalization benefits was nonetheless made with the subjective intent of obtaining those benefits.").  A misrepresentation is material if it would have a natural tendency to influence the decision regarding immigration or naturalization benefits.  *Id.* at 780; *see also Gonzalez-Maldonado v. Gonzalez*, 487 F.3d 975, 978 (5th Cir. 2007) ("Gonzalez's misrepresentation is immaterial *because his address had no bearing on his receipt of immigration benefits*.") (emphasis added).  Plaintiff's commission of past crimes or offenses or use of illegal drugs for which he has not been arrested would have a natural tendency to influence the decision regarding immigration or naturalization benefits and is material to his naturalization application.  *See* 8 U.S.C. § 1182(a)(2)(A)(II) (listing inadmissible aliens) ("[A]ny alien convicted of, or who *admits to having committed* . . . a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... is inadmissible.") (emphasis added).

In addition, even if Plaintiff did not believe his past marijuana use would disqualify him from naturalization, if the statement were made with the intent to foreclose a line of questioning into Plaintiff's past drug use that could influence the decision on his application, it would be made with

the intent to obtain immigration benefits.  "Even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits" will lead to a finding of bad moral character within the meaning of the code.  *Kungys*, 485 U.S. at 781.  The Court rejects Plaintiff's argument that the false testimony was not material.

Plaintiff argues that the fact that he had previously disclosed his drug use in the 2002 immigration hearing and that he corrected his deposition testimony shows that he lacked the requisite intent.  However, although relevant to whether Plaintiff lied in his 2010 interview and deposition, the fact that Plaintiff may have been truthful about his marijuana use at other times does not establish that he did not intentionally lie in his interview and/or deposition to obtain naturalization benefits.  *See Ramos v. I.N.S.*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("Although her later honesty may speak of her good character otherwise, it does not remove her from the ambit of the statute.").

An applicant who lies for reasons other than to obtain an immigration benefit – such as embarrassment, fear, or invasion of privacy – does not lie with the subjective intent to obtain immigration benefits.  *Kungys*, 485 U.S. at 780.  Plaintiff offers no explanation for his false testimony other than that he forgot about his past marijuana use.  But Plaintiff's assertion that he simply forgot about his past drug use when answering the 2010 interview question and at his deposition is not credible.  Although Plaintiff emphasizes the large span of time between his 1991/1992 drug use and his false testimony in 2010/2012 to support his claim that he had forgotten his drug use, he recalled his drug use in 2002, and at that time admitted to drug use around 2001.

Further, he first answered "no" to the question of whether he had ever committed a crime for which he had not been arrested in his 2004 N-400 application and then again answered "no" to the question in his 2005 interview.  Although these are not false testimony for purposes of determining

Plaintiff's good moral character because the application is not oral testimony and because these events are outside the relevant five-year period, these statements are relevant evidence in considering whether Plaintiff intentionally lied to gain immigration or naturalization benefits in 2010 and 2012. Plaintiff's assertion that he forgot his drug use due to the passage of so many years is not credible because he first made the false representation in 2004, which was only two years after he admitted to the IJ that he had smoked marijuana "last year."  Further, he repeatedly made this false representation between 2004 and 2012, and it is unlikely that he never recalled his past drug use during that time.

Plaintiff also argues that the question was confusingly worded, but there is no indication that Plaintiff has trouble with English or did not understand the question, which he answered repeatedly. Further, Plaintiff initially answered "no" to the direct question "Have you used any illegal drugs for which you were not arrested?" in his 2012 deposition.  This question is not confusing, yet Plaintiff also answered it "no."  Even though he did correct this statement later, the Court nevertheless concludes that at the time Plaintiff answered the question and the question whether he had ever committed a crime for which he was not arrested, he intentionally made a false statement to obtain naturalization benefits because his assertion that he forgot is not credible.  The Court finds that there are no fact issues regarding Plaintiff's intent, and this element is established as a matter of law.

**4. the evidence conclusively shows that Plaintiff gave false testimony to obtain a naturalization benefit**

Because the required elements are established as a matter of law, the Court concludes that Plaintiff gave false testimony to obtain a naturalization benefit and therefore lacks the necessary good moral character to be entitled to naturalization.  Although Plaintiff contends that the naturalization

11

decision should not depend on a "gotcha," the Court is not reaching this conclusion based on a technicality, but on its conclusion that Plaintiff intentionally lied to obtain naturalization benefits, and thus lacks the necessary good moral character.

## Conclusion

Because the Court has found as a matter of law that the Plaintiff lacks good moral character because he gave false testimony for the purpose of obtaining immigration or naturalization benefits, his application for naturalization may be denied on that basis and the Court need not reach the other issues presented in the motions for summary judgment.

The Court DENIES Plaintiff's Motion for Summary Judgment (docket no. 13) and GRANTS Defendants' Motion for Summary Judgment (docket no. 14).  Plaintiff's request for a declaration of naturalization is denied and his case his DISMISSED.

SIGNED this 1st day of February, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE